ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ELLIOT RIVERA NAZARIO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2025RA00213 | *Revisión Judicial* procedente de la Junta de Libertad bajo Palabra<br><br>Caso Núm.: 147324<br><br>Sobre: Aplicación Ley 85-2024 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres y el Juez Campos Pérez

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2025.

Comparece el Sr. Elliot Rivera Nazario (señor Rivera Nazario o recurrente) mediante recurso de *revisión judicial*. Solicita que revoquemos dos (2) dictámenes emitidos por la Junta de Libertad Bajo Palabra (JLBP o la Junta) el 11 de junio de 2025 y el 4 de agosto de 2025.[1] Mediante la *Resolución* emitida el 11 de junio de 2025, la Junta determinó que, en virtud de la Ley Núm. 85-2024, *infra*, adquiriría jurisdicción sobre su caso cuando el señor Rivera Nazario cumpliese el mínimo de su sentencia, pautado para el 4 de enero de 2042. Mediante la *Resolución y Orden* emitida el 4 de agosto de 2025, la JLBP declaró No Ha Lugar una *Moción de Reconsideración* instada por el recurrente.

Por los fundamentos que expondremos a continuación, confirmamos las Resoluciones emitidas por la Junta de Libertad Bajo Palabra.

### I.

El señor Rivera Nazario extingue una pena de reclusión de ciento cincuenta y nueve (159) años por los delitos de Asesinato en

---

[1] Notificados el 3 de julio de 2025 y el 5 de agosto de 2025, respectivamente.

Primer Grado, Secuestro, Robo, y violaciones a los Artículos 6 y 8 de la Ley Núm. 17 de 19 de enero de 1951, mejor conocida entonces como la *Ley de Armas de Puerto Rico*, a cumplirse el 29 de diciembre de 2125.[2]

Durante el proceso de cumplir con su sentencia, el Departamento de Corrección y Rehabilitación (DCR) emitió varias hojas de control sobre la liquidación de la sentencia del recurrente.[3] Informó que la JLBP adquiriría jurisdicción sobre el caso del señor Rivera Nazario el 22 de marzo de 2017, tras aplicársele las disposiciones de la Ley Núm. 85-2022, *infra.* El 20 de enero de 2023, el Comité de Clasificación y Tratamiento del DCR, emitió un acuerdo en el que refirió el caso del recurrente a la JLBP por haber cumplido su sentencia mínima.[4] Luego de varios incidentes procesales, el 29 de noviembre de 2023, la JLBP emitió una *Resolución* a través de la cual determinó que el recurrente no cualificaba para el privilegio de libertad bajo palabra.[5] Concluyó que el hogar propuesto no resultaba viable debido a la proximidad de este con la residencia de las víctimas. Además, razonó que la evaluación psicológica realizada al recurrente reflejó que tenía pobre introspección, pobre control de impulsos y dificultad para posponer la gratificación. Ordenó que su caso fuese considerado nuevamente para noviembre de 2024.

Así las cosas, el 5 de noviembre de 2024, el DCR emitió una nueva hoja de control sobre liquidación de la sentencia del recurrente.[6] En ésta, el DCR determinó que la liquidación anterior quedaría sin efecto en virtud de la Ley Núm. 85-2024, y concluyó que el nuevo término mínimo de sentencia sería el 4 de enero de 2042. Luego, el 11 de junio de 2025, notificada al recurrente el 3 de julio de 2025, la JLBP emitió una *Resolución* mediante la cual

---

[2] Véase, Apéndice del recurrente, Anejo V, págs. 1-2.
[3] Véase, Apéndice del recurrente, Anejo II y Anejo III.
[4] Véase, Apéndice del recurrente, Anejo IV.
[5] Véase, Apéndice del recurrente, Anejo X.
[6] Véase, Apéndice del recurrente, Anejo XI.

se declaró sin jurisdicción para atender el presente caso debido a que la Ley Núm. 85-2024 contiene una cláusula de exclusión que prohíbe a las personas convictas de ciertos delitos, entre ellos, el de secuestro, beneficiarse de los cálculos provechosos introducidos en la Ley Núm. 85-2022.[7] El 23 de julio de 2025, el recurrente presentó una *Moción de Reconsideración* ante la JLBP.[8] El 4 de agosto de 2025, la JLBP emitió una *Resolución y Orden* en la cual declaró No Ha Lugar la referida solicitud de reconsideración.[9]

Inconforme, el señor Rivera Nazario recurre ante nos y señala la comisión del siguiente error:

> ERRÓ LA JUNTA DE LIBERTAD BAJO PALABRA AL DECLARARSE SIN JURISDICCIÓN PARA CONSIDERAR AL SEÑOR RIVERA NAZARIO TRAS APLICAR, DE FORMA RETROACTIVA, LA LEY 85 DE 2024 A LA SENTENCIA IMPUESTA POR EL DELITO DE SECUESTRO. ESTO ANTERIOR, CUANDO ELLO RESULTA EN UNA CLARA VIOLACIÓN CONSTITUCIONAL CONTRA LA APLICACIÓN DE LEYES *EX POST FACTO*, EL DEBIDO PROCESO DE LEY Y EL DERECHO A LA REHABILITACIÓN DEL AQUÍ RECURRENTE.

El 6 de octubre de 2025 la JLBP, por conducto de la Oficina del Procurador general, presentó el *Escrito en Cumplimiento de Resolución.* Con el beneficio de ambas comparecencias, procedemos a resolver.

**II.**

**A.**

Revisamos la *Resolución* en el caso de epígrafe al palio del Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.,* el cual dispone en lo atinente que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los

---

[7] Véase, Apéndice del recurrente, Anejo XII.
[8] Véase, Apéndice del recurrente, Anejo XIII.
[9] Véase, Apéndice del recurrente, Anejo XIV.

organismos y agencias administrativas". 4 LPRA sec. 24u; además, Art. 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y. En consonancia, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.*, establece un procedimiento uniforme de revisión judicial a la acción tomada por una agencia de Gobierno al adjudicar un caso. En particular, la Sección 4.5 de la LPAUG, 3 LPRA sec. 9675, que versa sobre el **alcance de la revisión judicial**, estatuye que este tribunal intermedio sostendrá las determinaciones de hechos de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo**; revisará en todos sus aspectos las conclusiones de derecho**; y podrá conceder al recurrente el remedio apropiado si determina que a éste le asiste el derecho.

Mediante la revisión judicial, esta curia debe evaluar que la decisión administrativa encuentre apoyo en la evidencia sustancial que obre en la totalidad del expediente administrativo. El concepto *evidencia sustancial* se ha definido como aquella "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953), refrendados en *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019). Por ello, el *expediente administrativo* constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la revisión judicial ulterior. Sec. 3.18 de la LPAUG, 3 LPRA sec. 9658; *Graciani Rodríguez v. Garaje Isla Verde, supra,* pág. 128. Por igual, **examinamos que el ente gubernamental haya realizado una aplicación o interpretación correcta de las leyes o reglamentos que se le ha encomendado administrar**. Finalmente, auscultamos que el organismo haya actuado dentro de los parámetros de su ley

habilitadora, no de forma arbitraria, irrazonable ni haya lesionado derechos constitucionales fundamentales. Véase, *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016).

**B.**

La Constitución de Puerto Rico dispone que "[n]o se aprobarán leyes *ex post facto* ni proyectos para condenar sin celebración de juicio". Art. II, Sec. 12, LPRA, Tomo 1. Es harto conocido que en el ámbito penal una ley *ex post facto* se refiere a la aplicación retroactiva que agrava al acusado en su relación con el delito, la oportunidad de defenderse, la forma de cumplir una sentencia o su extensión. E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Fórum, 1992, vol. II, págs. 545-549. La protección contra leyes *ex post facto* se activa cuando se aplica retroactivamente una ley —que le es desfavorable al acusado o convicto— en comparación con la ley vigente al momento en que se cometió el delito. *González v. E.L.A.*, 167 DPR 400, 408 (2006).

Existen cuatro categorías de estatutos que —de aplicarse retroactivamente— violarían la prohibición de leyes *ex post facto*, a saber: (1) leyes que criminalizan y castigan un acto que al ser realizado no era delito; (2) leyes que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) leyes que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido*;* y (4) leyes que alteran las reglas de evidencia exigiendo menos prueba que la requerida por ley al momento de la comisión del delito para castigar al acusado o reduciendo el *quantum* de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 990 (2019); *González v. E.L.A., supra*, pág. 408.

Esta protección se activa cuando la aplicación retroactiva de un nuevo estatuto resulta más onerosa que la vigente al momento de los hechos delictivos. Dicha onerosidad se puede manifestar en

la extensión de términos de reclusión a ser cumplidos por el sujeto, cónsono con la protección contra la imposición retroactiva de una pena mayor. *González v. E.L.A., supra,* págs. 408-410 citando a *Weaver v. Graham,* 450 US 24 (1981).

**C.**

La Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq.* (Ley Núm. 118), creó la Junta de Libertad Bajo Palabra. El ente administrativo está facultado para conceder el privilegio de cumplir la última parte de una condena en libertad bajo palabra a cualquier persona recluida en una institución correccional de Puerto Rico. *Benítez Nieves v. ELA et al.*, 202 DPR 818, 825 (2019). Al ejecutar la potestad delegada, **la Junta está autorizada a imponer las condiciones que estime necesarias para la concesión del beneficio privilegiado**. Art. 3 de la Ley Núm. 118, 4 LPRA sec. 1503. Claro está, dichas condiciones restrictivas se suman a las restricciones que, de ordinario, el ciudadano común está obligado a observar en nuestra jurisdicción. *Benítez Nieves v. ELA et al., supra,* citando a *Morrissey v. Brewer,* 408 US 471, 478 (1972). Ello responde a que **el beneficio de la libertad bajo palabra es considerado un privilegio, no un derecho reclamable**. (Énfasis nuestro). A esos fines, la libertad bajo palabra sólo se otorgará cuando sirva al mejor interés de la sociedad y propicie la rehabilitación moral y económica del liberado, **según la sana discreción de la Junta y los tribunales**. (Énfasis nuestro). *Quiles v. Del Valle,* 167 DPR 458, 475 (2006), citando a *Pueblo v. Negrón Caldero,* 157 DPR 413 (2002); *Pueblo v. Zayas Rodríguez,* 147 DPR 530, 536 (1999).

Cónsono con lo anterior, la Asamblea Legislativa promulgó la Ley Núm. 85-2022 con el fin de expandir la jurisdicción de la JLBP y así, de manera justa, retributiva y rehabilitadora, permitirle a una cantidad mayor de convictos solicitar el beneficio de libertad bajo

palabra. Véase, *Exposición de Motivos*. El estatuto cumplió con su fin al presentar dos enmiendas, una al Artículo 308 del Código Penal, 33 LPRA sec. 5416, que establece los términos para cualificar para la consideración de la JLBP, y otra al Artículo 3 de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503, el cual establece la autoridad, poderes y deberes de la JLBP. Asimismo, la Ley Núm. 85-2022 contiene una tercera sección la cual dispone que su aplicación será "*de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada*".

Pese a ello, dos años después se aprobó la Ley Núm. 85-2024 con el propósito de limitar el alcance de la aludida pieza legislativa. La Ley Núm. 85-2024 contiene tres disposiciones generales, la primera sección enmienda al Artículo 308 del Código Penal, *supra*, con el fin de excluir ciertos convictos de beneficiarse de los cálculos que introdujo la Ley Núm. 85-2022. El texto incorporado aclara que

> Las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, **secuestro**, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, **incluyendo los Códigos Penales de 1974**, 2004 y 2012. (Énfasis nuestro).

La segunda sección incorpora el mismo lenguaje, pero esta vez al Artículo 3 de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, *supra*. Por su parte, la tercera sección del estatuto incorpora **una cláusula de exclusión de jurisdicción** con un lenguaje similar a las dos secciones antes mencionadas. A saber:

> **La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades**, agresión sexual conyugal, violación, actos lascivos, sodomía,

incesto, **secuestro**, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. (Énfasis nuestro).

Continúa la sección precisando que "[l]a Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior". *Id.*

El texto precitado anterior modifica la tercera sección de la Ley Núm. 85-2022 que instituía una aplicación retroactiva de los cálculos. Para abundar sobre dicho pronunciamiento, el estatuto detalla que:

> **La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades**, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, **secuestro**, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, **incluyendo los Códigos Penales de 1974**, 2004 y 2012. (Énfasis nuestro). *Id.*

La sección concluye y atiende un asunto procesal relacionado a las solicitudes presentadas previo a la aprobación del estatuto. Sobre dicho particular, dilucida que "[l]as personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud". *Id.* Finalmente, la cuarta sección dispone que el estatuto "**aplicará de manera retroactiva**, independientemente del Código Penal o Ley Especial vigente al momento de los hechos delictivos". (Énfasis nuestro).

**III.**

El señor Rivera Nazario acude ante nos y alega que las exclusiones establecidas en la Ley Núm. 85-2024, *supra,* para ser considerado al privilegio de libertad bajo palabra, así como la aplicación del discutido Artículo 3 de la Ley Núm. 118, incide en la prohibición contra las leyes *ex post facto.* Arguye que la Ley Núm. 85-2024 estableció un cambio de derecho, toda vez que excluyó de la participación del privilegio bajo palabra a aquellas personas convictas por el delito de secuestro. Sostiene que el cómputo establecido en la hoja de cómputo de liquidación de sentencia emitida el 19 de enero de 2023 aplica al caso de epígrafe. No le asiste la razón.

Al interpretar el estado de Derecho vigente pertinente, en especial atención a la Ley Núm. 85-2024, somos del criterio que ésta no violenta la protección contra leyes *ex post facto.* Esto es, el referido estatuto no le elimina al recurrente la posibilidad de ser considerado al privilegio de libertad bajo palabra, sino que, por la naturaleza de los delitos por los cuales resultó convicto, lo excluye de poder beneficiarse de los cálculos provistos al palio de la Ley Núm. 85-2022. Al presente, la controversia es prematura, ya que no es hasta el 2042 que la JLBP podría ejercer jurisdicción, conforme con la Hoja de Control Sobre Liquidación de Sentencias que obra en autos.[10]

Este foro apelativo intermedio ha reconocido la voluntad legislativa de excluir a las personas convictas del delito de secuestro de los cálculos de la Ley Núm. 85-2022. Inclusive, otros paneles hermanos han atendido controversias similares y han arribado a idénticas conclusiones.[11] Por tanto, resolvemos que la Ley Núm. 85-

---

[10] Véase, Apéndice del recurrente, Anejo XI.
[11] A modo de ejemplo, véase "Sentencia" identificada con el alfanumérico KLRA202400616.

2024 tuvo como fin modificar el alcance de la tercera sección de la Ley Núm. 85-2022 que expresamente reconocía la aplicación retroactiva de los nuevos cálculos.

Según se desprende de la exposición de motivos y de una lectura integrada de la medida, la intención del legislador fue excluir a las personas convictas por el delito de secuestro de poder beneficiarse de los cálculos de la Ley Núm. 85-2022.[12] Recordemos que el señor Rivera Nazario fue sentenciado, entre otros, por los delitos de Asesinato en Primer Grado, Robo, y Secuestro. Es el propio delito de secuestro que forma parte de la cláusula de exclusión contenida en la tercera sección de la Ley Núm. 85-2024.

Además, la protección constitucional contra las leyes *ex post facto* requiere que se lesione **un derecho** a través de la aplicación retroactiva de una ley punitiva. Nótese que el Derecho pertinente establece que participar del beneficio de la libertad bajo palabra **se trata de un privilegio, no un derecho, a ser concedido por la JLBP, según su sana discreción.** (Énfasis nuestro).

Asimismo, la normativa jurisprudencial aplicable dispone que se viola esta protección constitucional al aprobarse cuatro (4) tipos de estatutos, a saber: (1) leyes que criminalizan y castigan un acto que al ser realizado no era delito; (2) leyes que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) leyes que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido*;* y (4) leyes que alteran las reglas de evidencia exigiendo menos prueba que la requerida por ley al momento de la comisión del delito para castigar al acusado o reduciendo el *quantum* de evidencia necesario para encontrarlo culpable. Somos del criterio que la Ley Núm. 85-2024 no constituye

---

[12] Según la ley, los delitos son: delitos de agresión sexual, en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

alguno de los cuatro (4) tipos de estatutos precedentemente mencionados. Es decir, no tipifica un acto como delito que al momento de llevarse a cabo no lo era, no agrava el delito de secuestro, no altera el castigo o la pena del delito de secuestro, así como tampoco reduce el *quantum* de evidencia para el delito de secuestro.

Ante este cuadro, determinamos que actuó correctamente la JLBP al declararse sin jurisdicción para atender el caso, pues como concluimos, la Ley Núm. 85-2024 es aplicable al recurrente. Ello, no obstante, y debido a que el estado de derecho vigente al momento de los hechos delictivos lo contemplaba, el señor Rivera Nazario puede, en su momento, ser considerado al beneficio de libertad bajo palabra.[13] Por lo tanto, este Foro revisor no intervendrá con las determinaciones administrativas aquí impugnadas.

### IV.

Por los fundamentos antes expuestos, confirmamos las Resoluciones emitidas por la Junta de Libertad Bajo Palabra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Véase, Apéndice del recurrente, Anejo XI.